IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore LeBlanc, ) | C/A No.: 3:11-2955-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Natural ) | |
| Resources d/b/a DNR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, plaintiff Theodore LeBlanc ("Plaintiff") sues his former employer South Carolina Department of Natural Resources ("DNR" or "Defendant"). Plaintiff also originally named the State of South Carolina ("State" or, collectively with DNR, "Defendants") as a defendant, but dismissed the State without prejudice on April 26, 2012. [Entry #12]. Plaintiff alleges disability discrimination claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), a gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and a breach of contract claim under state law.

This matter comes before the court on Defendants' motion to dismiss filed on November 30, 2011 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Entry #5]. Plaintiff filed a response to the motion on December 19, 2011 [Entry #7], and Defendants filed a reply on January 3, 2011. [Entry #9]. The motion to dismiss having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant in part and deny in part the motion to dismiss.

I. Factual and Procedural Background

According to his complaint, Plaintiff's employment at DNR began May 17, 2008 as a Business Manager. [Entry #1, ¶ 15]. He alleges his Assistant Business Manager, Ms. Sue Manchester, created a hostile work environment by being disrespectful, rude, and continually using abusive language towards him. *Id.* at ¶ 13. He further alleges that his complaints to his supervisor, Ms. Chantal Rice, were ignored and that Ms. Rice and Ms. Manchester worked together to undermine him due to his gender. *Id.* at ¶¶ 17, 18. Specifically, Plaintiff alleges that Defendants overloaded him with job duties impossible to complete, which, together with the alleged hostile work environment, caused him to suffer from severe mental stress. *Id.* at ¶¶ 21, 22. Plaintiff alleges on January 4, 2010, he reported the hostile work environment to DNR Marine Resource Director, Robert Boyles, and informed Mr. Boyles of a medical disability for which he took medication. *Id.* at ¶¶ 23, 24. Plaintiff claims that after he reported the alleged hostile work environment and disability, Defendants wrongfully terminated him due to his disability, gender, and in retaliation for making a complaint, citing pretextual reasons. *Id.* at ¶ 25.

Plaintiff claims he timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of his Right to Sue on August

2, 2011.  *Id.* at ¶ 2.  Plaintiff seeks actual and punitive damages, attorneys' fees and costs.  *Id.* at 6.

Defendants filed the instant motion to dismiss on the grounds that Plaintiff's (1) ADA claim is barred by sovereign immunity; (2) breach of contract claim is barred by sovereign immunity and by his failure to exhaust administrative remedies in failing to file a grievance under DNR's internal grievance process; and (3) Title VII claim against the State is barred by his failure to exhaust administrative remedies in failing to name the State in his charge of discrimination.  Further, Defendants argue that all of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief may be granted.  Lastly, Defendants argue that Plaintiff's inclusion of the State, an entity distinct from DNR, is unnecessary and potentially confusing such that, if not substantively dismissed, the State should be removed as a misjoined party pursuant to Fed. R. Civ. P. 21.

Because the State has been dismissed from the action, the undersigned addresses only those arguments related to the claims against DNR.

II. Discussion

A. Standard of Review

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings'

3

allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    B.    Analysis

In his response brief, Plaintiff appears to concede that his ADA and breach of contract claims must be dismissed. He states that he "does not dispute that, as a state agency and a state, the Defendants are immune from suit for damages unless 1) Congress has properly abrogated the states' immunity with regard to Plaintiff's ADA claim, or 2) the Defendant otherwise has consented to suit." [Entry #7 at 5]. Plaintiff does not argue that either exception applies in this case and makes no arguments in response to Defendants' assertion that sovereign immunity bars Plaintiff's ADA and breach of

contract claims. Plaintiff likewise does not respond to Defendants' argument that his breach of contract claim is barred for failure to file a grievance under DNR's internal grievance process. Plaintiff instead limits his response to arguing that his Title VII claim satisfies the *Iqbal/Twombly* pleading standard and that the State had adequate notice of Plaintiff's EEOC claim, making dismissal of the State for failure to exhaust inappropriate. Because the notice argument related to the State is now moot, the only issue remaining before the court is whether Plaintiff adequately pled his Title VII claim against DNR.

Plaintiff alleges he was discriminated and retaliated against on the basis of his gender. [Entry #1, ¶ 41]. In his Title VII cause of action, he uses the terms hostile work environment, disparate treatment, wrongful discharge, and retaliation, but does not plead these claims in an organized and distinct fashion. *Id.* at ¶¶ 43, 50. Although the parties generally briefed the adequacy, or alleged lack thereof, of Plaintiff's pleading of his Title VII claim, they did not address the sufficiency of his allegations as to the various types of Title VII claims referenced in the complaint. The undersigned liberally reads Plaintiff's complaint as alleging the following claims under Title VII: (1) discrimination, (2) hostile work environment, and (3) retaliatory discharge.

    1.    Discrimination Claim

Plaintiff alleges his female supervisor gave preferential treatment to Plaintiff's female subordinate and that he was continually overloaded with job duties that required him to not only work his normal schedule, but also to work nights, weekends, and holidays. [Entry #1, ¶¶ 19, 21]. He further alleges that he was discriminated against with

respect to his terms, conditions, or privileges of employment due to his gender. *Id.* at ¶ 43(a). Defendant generally argues that Plaintiff's allegations do not satisfy the pleading standard articulated in *Iqbal* and *Twombly*. [Entry #9 at 5–7].

To establish a prima facie case of gender discrimination under Title VII, a plaintiff must prove: (1) he is a member of a protected class; (2) he was performing satisfactorily; (3) he suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment.[1] *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The employer may then rebut the prima facie case by showing that there was a legitimate non-discriminatory reason for the adverse action, after which the burden shifts back to the plaintiff to show that those reasons are pretextual. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

As a male, Plaintiff is a member of a protected class in a Title VII gender claim and has satisfied the first element of his prima facie case. With respect to the second element, Plaintiff alleges he "was an employee for a position that he was qualified for." [Entry #1, ¶ 41]. The undersigned recommends a finding that this allegation may be broadly read to claim that Plaintiff was satisfactorily performing his job. Plaintiff contends a female worker was given preferential treatment while he was "overloaded

---

[1] The elements for establishing a prima facie case of wrongful discharge are nearly identical, however, the fourth element requires a showing that plaintiff's former position remained open or was filled by a similarly-qualified applicant outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). Because Plaintiff has not asserted any allegations related to the fourth element of a wrongful discharge claim, the undersigned finds Plaintiff intended to assert gender discrimination and retaliatory discharge claims rather than a wrongful discharge claim. In the event Plaintiff contends he is asserting a Title VII wrongful discharge claim, the undersigned recommends dismissal of the claim for failure to satisfy the fourth element of a prima facie case.

with job duties." *Id.* at ¶ 21. This allegation in conjunction with Plaintiff's allegations regarding having varying "terms, conditions, or privileges of employment" because of his gender, may be read to satisfy the third and fourth elements of a prima facie case of gender discrimination.

For the foregoing reasons, the undersigned is constrained to recommend that the court deny Defendant's motion to dismiss as to Plaintiff's gender discrimination claim.

    2.   Hostile Work Environment Claim

Plaintiff alleges he was subjected to a hostile work environment based on his gender. In support of this claim, he contends Ms. Manchester "created a hostile work environment by being disrespectful, rude and continually using abusive language" toward him and that his requests to his supervisor, Ms. Rice, to address Ms. Manchester's allegedly hostile behavior were repeatedly ignored. [Entry #1, ¶¶ 13, 17]. Plaintiff alleges Ms. Manchester refused to report to him even though he was her direct supervisor. *Id.* at ¶ 14. Plaintiff further alleges Ms. Rice's "disfavorable treatment" of him created a hostile working environment. *Id.* at ¶ 20. Defendant generally argues that Plaintiff's allegations do not satisfy the pleading standard articulated in *Iqbal* and *Twombly*. [Entry #9 at 5–7].

To establish a prima face showing of a hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was because of [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his]

employer.'"  *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)).

Establishing the third element requires that Plaintiff show that the work environment was not only subjectively hostile, but also objectively so. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Such proof depends upon the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "[C]omplaints premised on nothing more than 'rude treatment by [coworkers],' *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), 'callous behavior by [one's] superiors,' *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), or 'a routine difference of opinion and personality conflict with [one's] supervisor,' *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000), are not actionable under Title VII." *Id.* at 315–16. "'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

The conduct alleged by Plaintiff does not rise to the level of an actionable claim for hostile work environment under Title VII. Plaintiff has not articulated any specific conduct by either Ms. Manchester or Ms. Rice that would give rise to a hostile work environment, much less conduct that was sufficiently severe and pervasive to alter the

terms and conditions of his employment. Consequently, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's hostile work environment claim without prejudice.

3. Retaliatory Discharge Claim

Plaintiff contends he was wrongfully discharged in retaliation for making a complaint to Mr. Boyles regarding the allegedly hostile work environment and overbearing workload. [Entry #1, ¶¶ 23, 25]. Defendant generally argues that Plaintiff's allegations do not satisfy the *Iqbal*/*Twombly* pleading standard. [Entry #9 at 5–7].

To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action at the hands of his employer; and (3) that there existed a causal connection between the protected activity and the adverse action. *Rhoads v. FDIC*, 257 F.3d 373 (4th Cir. 2001); *see also Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536 (4th Cir. 2003). Once a plaintiff establishes a prima facie case, "[t]he employer then has the burden to rebut the presumption of retaliation by articulating a legitimate, non-discriminatory reason for its actions." *Rhoads*, 257 F.3d at 392. If the employer does so, the plaintiff must demonstrate that the proffered reason is a pretext for forbidden retaliation. *Id.*

A plaintiff need not have filed a formal complaint with the EEOC or a state deferral agency to engage in protected activity. Complaints to supervisory or management employees concerning harassment or discriminatory treatment, as well as informal complaints, filing of internal grievances, and complaints to an agency, are included within the definition of protected activity. *Warren v. Halstead Indus., Inc.*, 802

F.2d 746, cert. denied, 487 U.S. 1218 (1988); *Mitchell v. Baldridge*, 759 F.2d 80 (D.C. Cir. 1985). Plaintiff's complaint regard the allegedly hostile work environment is, therefore, considered protected activity and satisfies the first element of his prima facie case. Plaintiff likewise satisfies the second element by alleging he was terminated.

With regard to the third element, Plaintiff has not sufficiently pled a causal connection between the allegedly protected activity and his termination. Plaintiff makes no allegations of direct evidence of causation. Although temporal proximity may give rise to an inference of causation, *see Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001), Plaintiff's allegations are insufficient to establish temporal proximity. He alleges having reported the claimed hostile work environment to Mr. Boyles on January 4, 2010, and being fired thereafter, but does not provide the date of his termination. Plaintiff provides in his complaint that he received his Notice of the Right to Sue on August 2, 2011. [Entry #1, ¶ 2(b)]. It is therefore unclear how much time passed between the complaint and the termination, and Plaintiff cannot rely on temporal proximity to establish the requisite causal connection.

The undersigned finds that Plaintiff has failed to establish a causal connection between the allegedly protected activity and his termination to support a claim for retaliation under Title VII. For that reason, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's retaliatory discharge claim without prejudice.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [Entry #5] be granted as to Plaintiff's ADA and breach of contract claims. The

undersigned further recommends that Plaintiff's Title VII hostile work environment and retaliatory discharge claims be dismissed without prejudice with leave to file an amended complaint, if at all, within 15 days of the district court's order on Defendants' motion. The undersigned further recommends Defendants' motion to dismiss be denied as to Plaintiff's Title VII discrimination claim.

IT IS SO RECOMMENDED.

May 1, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).