IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore LeBlanc, ) | C/A No. 3:11-2955-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| South Carolina Department of Natural ) | |
| Resources d/b/a DNR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, Theodore LeBlanc ("LeBlanc"), seeks recovery from his former employer, South Carolina Department of Natural Resources, doing business as DNR ("DNR"), for alleged disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA") and alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). LeBlanc also alleges a breach of contract claim.

The matter is before the court on DNR's motion to dismiss. Dkt. No. 5. For the reasons set forth below, DNR's motion to dismiss is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On May 1, 2012, the Magistrate Judge issued a Report recommending that the court grant DNR's motion to dismiss LeBlanc's ADA and breach of contract claims. Dkt. No. 15 (Report). The Report further recommends that LeBlanc's Title VII hostile work environment and retaliatory discharge claims be dismissed. The Report recommends denying DNR's motion to dismiss LeBlanc's Title VII discrimination claim.

LeBlanc filed a timely objection on May 18, 2012, objecting to the Report's recommendation to dismiss LeBlanc's claims for breach of contract, Title VII hostile work environment, and Title VII retaliatory discharge. Dkt. No. 16. LeBlanc did not specifically object to the recommendation of dismissal of his ADA claim. DNR responded to LeBlanc's objections on June 4, 2012. Dkt. No. 19.

On May 18, 2012, DNR also timely objected to the Report's recommendation to deny its motion to dismiss LeBlanc's Title VII discrimination claim. Dkt. No. 17. LeBlanc responded to DNR's objections on June 5, 2012. Dkt. No. 20.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

LeBlanc objects to the Report's recommendation to dismiss his Title VII hostile work environment and retaliatory discharge claims and his breach of contract claim. DNR objects to the Report's recommendation to deny DNR's motion to dismiss LeBlanc's Title VII discrimination claim.

**Hostile Work Environment.** To establish a prima face showing of a hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was because of [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)). The Report recommends dismissal of LeBlanc's hostile work environment claim because LeBlanc failed to allege the third element. Report at 8-9. Specifically, the Report found that the alleged offending conduct is not severe or pervasive and that LeBlanc failed to alleged an abusive work environment. *Id.* Plaintiff argues that the following allegations contain facts that show the offending conduct was continuous to satisfy the pervasive requirement and was objectively hostile:

> "Ms. Manchester created a hostile work environment by being disrespectful, rude and continually using abusive language to Mr. LeBlanc." Dkt. No. 1 at ¶ 13 (Complaint).
>
> "Ms. Manchester refused to report to Mr. LeBlanc even though he was her direct supervisor." *Id.* at ¶ 14.
>
> "On one occasion, Ms. Manchester informed Mr. LeBlanc that she was hostile towards him because Mr. LeBlanc was hired as the Business Manager, a job she thought she deserved." *Id.* at ¶ 15.
>
> "Mr. LeBlanc made numerous requests to his supervisor, Ms. Chantel Rice, to address Ms. Manchester's behavior." *Id.* at ¶ 16.

3

"Ms. Chantal Rice, who is also female, repeatedly ignored Mr. LeBlanc's requests to address Ms. Manchester's behavior." *Id.* at ¶ 17.

"Ms. Rice and Ms. Manchester began working in concert to undermine Mr. LeBlanc." *Id.* at ¶ 18.

"The Defendants continually overloaded Mr. LeBlanc with job duties that required him not only to work his normal schedule but to also work nights, weekends, and holidays." *Id.* at ¶ 21.

Dkt. No. 16 at 2-3.

The court agrees with the Report's recommendation to dismiss LeBlanc's hostile work environment claim because LeBlanc's allegations are premised on rude treatment and personality conflicts between LeBlanc and his supervisor and a co-worker/subordinate. *See* Report at 8 ("[C]omplaints premised on nothing more than 'rude treatment by [coworkers],' *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), 'callous behavior by [one's] superiors,' *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), or 'a routine difference of opinion and personality conflict with [one's] supervisor,' *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000), are not actionable under Title VII."). The court, therefore, grants DNR's motion to dismiss LeBlanc's Title VII hostile work environment claim.

**Retaliatory Discharge.** To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action at the hands of his employer; and (3) that there existed a causal connection between the protected activity and the adverse action. *Rhoads v. FDIC*, 257 F.3d 373 (4th Cir. 2001); *see also Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536 (4th Cir. 2003). The Report found that LeBlanc failed to allege a causal connection between the allegedly protected activity and his termination. Report at 10. As explained in the Report, although LeBlanc alleges that he reported the discrimination to his employer, he fails to allege when he was terminated after reporting it. In his objections, LeBlanc

4

states that he was fired three days after DNR completed its investigation of his reported discrimination. Dkt. No. 16 at 4-5. LeBlanc attached to his objections a letter from DNR dated March 9, 2010 explaining the results of its investigation of his complaints, and a letter of termination dated March 12, 2010. *See* Dkt. No. 16-1, 16-2. These facts are not alleged in LeBlanc's Complaint and cannot be considered on a motion to dismiss. The court, therefore, adopts the Report's recommendation and grants DNR's motion to dismiss LeBlanc's retaliatory discharge claim.

**Breach of Contract.** The Report recommends dismissal of LeBlanc's breach of contract claims because Le Blanc "makes no arguments in response to Defendants' assertion that sovereign immunity bars Plaintiff's ADA and breach of contract claims. Plaintiff likewise does not respond to Defendants' argument that his breach of contract claim is barred for failure to file a grievance under DNR's internal grievance process." Report at 4-5. LeBlanc objects to this finding and contends that he "only intended to concede the sovereign immunity defense to the Plaintiff's ADA claim." Dkt. No. 16 at 5. The court agrees that LeBlanc failed to respond to DNR's arguments in support of its motion to dismiss LeBlanc's breach of contract claim. Although LeBlanc purports to respond to DNR's arguments for dismissal of the breach of contract claim in his objections, LeBlanc simply argues that an employment handbook or policy manual can alter at-will employment and can support a breach of contract claim. The court, therefore, adopts the Report's recommendation to dismiss the breach of contract claim based on LeBlanc's failure to respond to DNR's sovereign immunity defense and argument that the claim is barred for failure to file a grievance under DNR's internal grievance process.

**Discrimination.** To establish a prima facie case of gender discrimination under Title VII, a plaintiff must prove: (1) he is a member of a protected class; (2) he was performing satisfactorily; (3) he suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The Report

found that LeBlanc properly alleged a Title VII discrimination claim. DNR objects to this recommendation and argues that LeBlanc failed to allege that a similarly-situated employee received more favorable treatment. DNR argues that the only possible similarly-situated employee named in the Complaint is Ms. Manchester, who is alleged to be "the Assistant Business Manager" and a "female subordinate" of LeBlanc.[1] Dkt. No. 17 at 2 (citing Complaint ¶ 12). DNR argues that a subordinate cannot be "similarly-situated" and LeBlanc, therefore, has failed to allege a prima facie case of discrimination. Dkt. No. 17 at 2. LeBlanc responds that he has identified a similarly-situated employee, Ms. Manchester: "Ms. Manchester is a similarly-situated female employee who received more favorable treatment and was treated very differently than he was." Dkt. No. 20 at 2. LeBlanc also argues that he and Ms. Manchester are similarly-situated because they "dealt with the same supervisor." *Id.* at 3.

In support of the third and fourth elements of a Title VII discrimination claim, the Report finds:

> Plaintiff contends a female worker was given preferential treatment while he was "overloaded with job duties." *Id.* at ¶ 21. This allegation in conjunction with Plaintiff's allegations regarding having varying "terms, conditions, or privileges of employment" because of his gender, may be read to satisfy the third and fourth elements of a prima facie case of gender discrimination.

Report at 6-7. The Complaint alleges that LeBlanc's supervisor gave "preferential treatment" to "Mr. LeBlanc's female subordinate," Complaint at ¶ 19, and also refers to "other female employers." *Id.* at ¶ 43. The court agrees with the Report's finding that the allegations adequately plead that a similarly-situated employee received more favorable treatment than LeBlanc. The court rejects DNR's argument that LeBlanc's claim must fail because he has alleged that Ms. Manchester is his subordinate. DNR cites to three cases in which courts have found, at the summary judgment stage,

---

[1] LeBlanc alleges that he was a Business Manager. Complaint ¶ 11.

that a subordinate was not similar to the plaintiff for various reasons. Dkt. No. 17 at 2. The court finds that whether Ms. Manchester and LeBlanc were similarly situated is a factual determination that cannot be made on a motion to dismiss. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) (defining "similarly situated" employees in the context of a disparate discipline case as those who have dealt with the same supervisor and been subject to the same standards, without distinguishing or mitigating circumstances.); *Duggan v. Sisters of Charity Providence Hosp.*, 663 F. Supp. 2d 456 (D.S.C. 2009) (same). Although LeBlanc alleged that Ms. Manchester is his subordinate, LeBlanc has also alleged that they share the same supervisor, Ms. Rice, and that Ms. Rice assigned more job duties to him. The court, therefore, denies DNR's motion to dismiss LeBlanc's Title VII discrimination claim.

## CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report. The court denies DNR's motion to dismiss LeBlanc's Title VII discrimination claims. The court grants DNR's motion to dismiss LeBlanc's ADA and breach of contract claims. The court also dismisses LeBlanc's Title VII hostile work environment and retaliatory discharge claims without prejudice with leave to file an amended complaint within 15 days of the filing date of this order.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2012