IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore LeBlanc, ) | C/A No.: 3:11-2955-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Natural ) | |
| Resources d/b/a DNR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, plaintiff Theodore LeBlanc ("Plaintiff") sues his former employer South Carolina Department of Natural Resources ("DNR" or "Defendant"). Plaintiff also originally named the State of South Carolina as a defendant, but dismissed his claims against the State without prejudice on April 26, 2012. [Entry #12]. Plaintiff alleges sex discrimination, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

This matter comes before the court on Defendant's second motion to dismiss. [Entry #25]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.

I.      Factual and Procedural Background

On November 30, 2012, Defendant filed a motion to dismiss arguing, among other grounds, that Plaintiff's Title VII claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to allege sufficient facts to state a claim upon which relief may be granted. [Entry #5]. The undersigned issued a Report and Recommendation ("R&R") on May 1, 2012, recommending, *inter alia*, that the motion to dismiss be granted on Plaintiff's Title VII claims for hostile work environment and retaliatory discharge, but denied with regard to Plaintiff's sex discrimination claim. [Entry #15]. The Honorable Cameron McGowan Currie, United States District Judge, issued an order on July 11, 2012 accepting the undersigned's recommendations on Plaintiff's Title VII claims and granting Plaintiff leave to file an amended complaint regarding these claims. [Entry #21]. On July 27, 2012, Plaintiff filed an amended complaint [Entry #24], and on August 9, 2012, Defendant filed a motion to dismiss the hostile work environment claim[1] pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #25]. Plaintiff filed a response on August 23, 2012 [Entry #27], and Defendant filed a reply on September 4, 2012 [Entry #33]. The motion to dismiss having been fully briefed, it is ripe for disposition. For the reasons that follow, the undersigned recommends the district court grant the motion.

According to his amended complaint, Plaintiff's employment at DNR began May 17, 2008 as a Business Manager. [Entry #24, ¶ 11]. He alleges his Assistant Business Manager, Ms. Sue Manchester, created a hostile work environment by being disrespectful, rude, and continually using abusive language towards him. *Id.* at ¶¶ 12–13.

---

[1] Plaintiff's general Title VII claim for sex discrimination (First Cause of Action) and retaliation (Third Cause of Action) are unaffected by Defendant's motion to dismiss.

He alleges that Manchester would repeatedly curse at him when he assigned her tasks and would refuse to complete the requests or otherwise report to him. *Id.* at ¶¶ 14, 21. Plaintiff alleges Manchester invaded his personal space by "constantly and repeatedly jabbing her finger in Plaintiff's face." *Id.* at ¶ 20. Plaintiff claims he "tried to engage in conversations with Ms. Manchester regarding her assigned work," but that she would become hostile by using abusive language and "slamming her hand on the desk over and over." *Id.* at ¶ 24.

Plaintiff further alleges that his complaints to his supervisor, Ms. Chantal Rice, were ignored and that she and Manchester worked together to undermine him due to his sex. *Id.* at ¶¶ 26–28. Specifically, Plaintiff alleges that Defendant overloaded him with job duties impossible to complete, which, together with the alleged hostile work environment, caused him to suffer from severe mental stress. *Id.* at ¶¶ 32–33. Plaintiff alleges he reported the hostile work environment on January 4, 2010 to DNR Marine Resource Director, Robert Boyles. *Id.* at ¶ 34. Plaintiff states that he informed Defendant "of his medical disability and that he was on medication for it." *Id.* at ¶ 35. Plaintiff claims that after he reported the alleged hostile work environment and disability, Defendant wrongfully terminated him due to his disability, sex, and in retaliation for making a complaint, citing pretextual reasons. *Id.* at ¶¶ 40–41.

Plaintiff claims he timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of his Right to Sue on August 2, 2011. *Id.* at ¶ 2. Plaintiff seeks actual and punitive damages, attorneys' fees and costs. *Id.* at 8.

3

II.  Discussion

    A.  Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). "Although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d ed.1990). "This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis." *Brown v. Seranno*, 2006 WL 5003217 (D.S.C. 2006).

    B.  Analysis

Plaintiff alleges he was subjected to a hostile work environment based on his sex. To establish a prima facie showing of a hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was because of

[his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Productions*, 335 F.3d 325, 331 (4th Cir. 2003)). Defendant argues that Plaintiff's hostile work environment claim should be dismissed because he has failed to support his claim with factual allegations demonstrating the offending conduct was because of his sex or that it was severe and pervasive enough to alter the conditions of employment.

          1.      Second Element Concerning "Because of Sex"

First, Defendant argues that Plaintiff has failed to meet the second element of the prima facie case that the unwelcome conduct was because he is male. Defendant argues that Plaintiff makes only conclusory allegations that the alleged hostility was because of his sex and, "[i]n contrast to this necessary showing, Plaintiff unequivocally alleges that Sue Manchester, the subordinate whom he says is the source of his hostile environment, was hostile to him *because she believed he took her job*." [Entry #25 at 2 (emphasis in original)]. Defendant argues this allegation demonstrates the only factual explanation for Manchester's offending conduct was not because of Plaintiff's sex, but because of Manchester's anger over Plaintiff's receiving a job she wanted.

Plaintiff responds that he cited Manchester's comment of her anger as another example of the hostile work environment he perceived, but not as the sole support for his theory of the case. Plaintiff argues that the Amended Complaint unequivocally recites that the alleged hostile conduct was committed by females. [Entry #27 at 2]. He further

5

points to the allegation that "Ms. Rice's preferential treatment of the Plaintiff's female subordinate and disfavorable treatment of the Plaintiff was due to the Plaintiff's gender." [Entry #24 at ¶ 29].

The Amended Complaint describes several conflicts with Manchester and also contains allegations that Rice was unwilling to assist him in correcting these problems. However, Plaintiff has failed to allege any facts demonstrating that the conflicts he experienced were motivated by his sex in any way, aside from the fact that Manchester and Rice are female.

The Fourth Circuit has noted that allegations in a complaint containing mere legal conclusions are insufficient to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief. The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage."). Plaintiff must allege more than allegations that he had problems at work with people outside of his protected class. *Id.* ("[Plaintiff's] complaint is full of problems she experienced with her co-workers and supervisors. These facts, however, do not seem to have anything to do with gender, race, or age harassment.").

Because a hostile work environment claim is "fundamentally a sex discrimination claim, a male plaintiff must establish that the harasser discriminated against him, *i.e.*, treated him differently or with greater hostility, because he is a man." *Lack v. Wal-Mart*

6

*Stores, Inc.*, 240 F.3d 255, 261 (4th Cir. 2001). In determining whether Plaintiff was targeted because of his sex, "the critical issue" is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not. *Id.* at 261. "[A]n employee is harassed ... because of his or her sex if, 'but-for' the employee's sex, he or she would not have been the victim of the discrimination.… An insulting or demeaning remark does not create a federal cause of action for sexual harassment merely because the 'victim' of the remark happens to belong to a class protected by Title VII." *Hartsell v. Duplex Productions*, 123 F.3d 766, 772 (4th Cir. 1997) (internal quotation omitted).   Here, the alleged facts do not lead to a plausible inference that Plaintiff was subjected to unwelcome conduct because of his sex.  If anything, according to the Amended Complaint, Manchester's assessed her own hostility due to her anger at Plaintiff having been hired over her as the Business Manager.  As she explicitly reportedly stated, "You took my f---ing job!" [Entry #24, ¶ 19].

Because the Amended Complaint fails to contain facts to support sex-based motivation for the unwelcome conduct, it fails to meet the second element of the prima facie case.

2. Third Element Concerning "Sufficiently Severe or Pervasive"

Next, Defendant argues that Plaintiff has failed to meet the third element of the prima facie case that the unwelcome conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive environment.[2]  Defendant argues

---

[2] Plaintiff argues that this court previously held that only the element of whether the offending conduct was severe and pervasive was inadequately pled in the original complaint. [Entry #27 at 1]. A closer review of the R&R reveals that although the

7

that Plaintiff failed to heed the court's prior instruction that a hostile work environment claim premised on rude treatment, personality conflicts, differences of opinion and the like, are insufficient to allow such a claim to go forward.

The Amended Complaint reveals an additional incident involving a phone call with the Human Resources Director on or about December 17, 2009 in which Manchester said "Plaintiff did not know anything about payroll" [Entry #24 at ¶ 16] and "was yelling and cursing profusely on that phone call causing the Plaintiff to not be able to even discuss the situation," requiring him to go to Columbia to meet in person with the Human Resources Director [*id.* at ¶ 17]. Further, Plaintiff alleges that when he told Manchester he needed to discuss the situation with her, she "pointed her finger in the Plaintiff's face and screamed at him not to yell at her again, even though the Plaintiff had never yelled at her." [*Id.* at ¶ 18].

Defendant argues that Plaintiff's allegations related to the foregoing meeting fall within the category of a difference of opinion as to how something work-related should be or was done, which is insufficient to show the conduct was severe and pervasive.

The Amended Complaint stated the following additional allegations:

---

undersigned did not address Plaintiff's allegations related to each element of the prima facie case for hostile work environment, the undersigned did not limit the insufficiencies to the third element. [Entry #15 at 7–9]. As Plaintiff's failure on any one element required a recommendation that the motion to dismiss be granted, the undersigned discussed one insufficiency after clarifying the elements of the prima facie case. *Id*. Additionally, Judge Currie's order states: "The court agrees with the Report's recommendation to dismiss LeBlanc's hostile work environment claim because LeBlanc's allegations are premised on rude treatment and personality conflicts between LeBlanc and his supervisor and a co-worker/subordinate." [Entry #21 at 4]. That holding does not appear to have been limited to whether the offending conduct was severe and pervasive, but could include the motivation behind the alleged offending conduct (such as personality conflicts).

- that Manchester was "continually disrespectful, rude and by using uncontrolled abusive language to the Plaintiff" [*id.* at ¶ 13];

- that she would "repeatedly curse at the Plaintiff when he would assign tasks to her and adamantly refuse to complete his requests" [*id.* at ¶ 14];

- that she screamed at him, "You took my f---ing job!" [*id.* at ¶ 19];

- that she "intentionally and viciously invaded the Plaintiff's personal space in an attempt to demean the Plaintiff by constantly and repeatedly jabbing her finger in the Plaintiff's face" [*id.* at ¶ 20];

- that she "would consistently ignore the Plaintiff when he would assign tasks to her….[i]nstead … [she] would yell, scream and terrorize the Plaintiff" [*id.* at ¶ 22];

- that she "would continually spread rumors about the Plaintiff to his co-workers" [*id.* at ¶ 23]; and

- that she "would get extremely hostile by using abusive language to the Plaintiff and slamming her hand on the desk over and over" [*id.* at ¶ 24].

He alleges that "[d]ue to the severity of Ms. Manchester's behavior, the Defendants [sic] overloaded the Plaintiff with the work duties that Ms. Manchester should have been completing." *Id.* at ¶ 31. Plaintiff claims that the Defendant "allowed" Manchester's improper offensive conduct to occur and that Defendant was "therefore responsible for the continued abuse and hostile environment that the Plaintiff was exposed to." *Id.* at ¶ 56.

Defendant argues that the foregoing list of new allegations are the same type of rude treatment, personality conflicts and differences of opinion that the court has already found insufficient. [Entry #25 at 4]. In his response, Plaintiff specifically argues that paragraphs 20, 24, and 25 describes actions that rise to the level of pervasive, objectively hostile conduct because the actions were not merely verbal, but physical. Defendant

states that "*no* reasonable person could be expected to withstand an ongoing invasion of one's personal space by one's coworkers." [Entry #27 at 3 (emphasis in original)]. Further, Plaintiff argues that the mistreatment interfered with his work performance because it "(1) increased his workload, (2) altered his work schedule, (3) caused him to develop a disability, (4) prompted him to make a report to the Defendant, and (5) caused the Defendant to conduct an internal investigation." *Id.* at 3–4.

While his subordinate's alleged comments and behavior are objectively annoying and while Plaintiff may have subjectively found them to be harassing, the relevant inquiry is whether the conduct is sufficiently severe and pervasive. There is no doubt that Plaintiff's employment situation may have been unpleasant, and he alleged facts that are arguably sufficiently severe and pervasive to avoid a motion to dismiss. However, Plaintiff's hostile work environment claim should nevertheless be dismissed based on the undersigned's recommendation, *supra*, that he failed to set forth sufficient factual allegations that the unwelcome conduct was because of sex.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendant's partial motion to dismiss [Entry #25].

IT IS SO RECOMMENDED.

November 30, 2012                             Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).