IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore LeBlanc, | ) | C/A No. 3:11-2955-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| South Carolina Department of Natural Resources d/b/a DNR, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through his amended complaint (Dkt. No. 24), Plaintiff, Theodore LeBlanc ("LeBlanc"), seeks recovery from his former employer, South Carolina Department of Natural Resources ("DNR"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). LeBlanc alleges three distinct Title VII claims: (1) disparate treatment based on gender; (2) hostile environment based on gender; and (3) retaliation for reporting alleged discrimination.[1]

The matter is before the court on DNR's motion to dismiss LeBlanc's hostile environment claim (second cause of action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on DNR's motion for summary judgment on all claims. Dkt. Nos. 25, 40. For the reasons set forth below, DNR's motion to dismiss LeBlanc's second cause of action is granted in full and DNR's motion for summary judgment is granted as to Plaintiff's right to pursue recovery on his own behalf.

---

[1] The amended complaint refers to the Americans with Disabilities Act, 42 U.S.C. § 12117 ("ADA"), in an introductory paragraph. The causes of action do not, however, advance any claim under the ADA, any such claim having been disposed of by ruling on an earlier motion to dismiss. *See* Dkt. No. 21.

Resolution of these motions leaves pending a motion to intervene filed on behalf of LeBlanc's bankruptcy estate ("Estate"). That motion shall be addressed under the schedule set forth at the end of this order.

## PROCEDURAL BACKGROUND

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 3, 2012, the Magistrate Judge issued a Report recommending that the court grant DNR's motion to dismiss LeBlanc's Title VII hostile work environment claim. Dkt. No. 38 ("First Report").

On joint motion of the parties, the court stayed the time to file objections to the First Report based on DNR's filing of a motion for summary judgment. Dkt. Nos. 39-41. Through that motion, DNR argued that LeBlanc was judicially estopped from pursuing the claims in this action because he failed to disclose them in his bankruptcy proceeding. The Magistrate Judge issued a Report on January 25, 2013, recommending that LeBlanc's claims be dismissed for lack of standing and, alternatively, that summary judgment be granted for the reason argued by DNR. Dkt. No. 48 ("Second Report").[2]

On the same day that the Second Report was issued, LeBlanc's attorney filed a motion to intervene on behalf of the Estate. Dkt. No. 49. LeBlanc noted that his bankruptcy attorney had moved to reopen the Estate after DNR filed its motion for summary judgment and prior to issuance of the Second Report, though the motion to reopen remained pending. *See* Dkt. No. 46-1 (motion

---

[2] The issue of standing was considered *sua sponte*, but rested on the same factual basis as DNR's motion for summary judgment.

to reopen attached to LeBlanc's response to motion for summary judgment).[3] DNR opposed that motion noting, *inter alia*, that the Estate had been closed and not yet reopened. Dkt. No. 50.

The court sought clarification of LeBlanc's position as to standing, his counsel's authority to represent the Estate, and the status of the motion to reopen the bankruptcy proceeding. Dkt. No. 52. After receiving LeBlanc's response, the court deferred ruling on all pending motions until after a scheduled hearing in the Bankruptcy Court. *See* Dkt. No. 55 (text order).[4]

The court also rescinded its earlier stay of objection and reply deadlines as to the First Report. After the stay was lifted, LeBlanc timely filed an objection on March 4, 2013. Dkt. No. 58. DNR timely filed a reply on March 5, 2013. Dkt. No. 59.

The parties filed separate reports addressing the status of the bankruptcy proceeding on March 13, 2013, and a joint status report on March 15, 2013. Dkt. Nos. 61-63. The joint report advises that the bankruptcy case was reopened and the trustee reappointed on March 14, 2013. This report also indicates agreement that there is no impediment to the court ruling on the motions addressed by the First and Second Reports, but suggests that the court defer ruling on the motion to intervene "until such time [as] the Trustee appoints counsel to represent the estate and the Motion [can be] renewed or restated." Dkt. No. 63 at 2 (noting this "will eliminate many of the initial

---

[3] The motion to reopen the bankruptcy matter was filed by LeBlanc's bankruptcy attorney on January 9, 2013. This was not only after DNR filed its motion for summary judgment, but after the original deadline for responding to that motion. Dkt. No. 40 (summary judgment motion filed December 13, 2013); *see also* Dkt. No. 42-45 (motions and docket text orders extending deadline for responding to summary judgment from January 2, 2012 to January 11, 2013).

[4] In response to the court's directive, LeBlanc filed a supplement indicating that (1) he maintains he has standing in his individual capacity; (2) his counsel acted at the request of the bankruptcy trustee in filing the motion to intervene; and (3) even if he lacks standing in his individual capacity, the Estate has standing to pursue the claims. Dkt. No. 53.

objections to the Motion, namely that there was no trustee at the time [the motion was made] and Plaintiff's counsel's authority to act was not clear.").

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

**Motion to Dismiss - First Report.** The First Report recommended dismissal of LeBlanc's hostile work environment claim for lack of factual allegations sufficient to give rise to an inference that any hostile treatment was because of LeBlanc's gender. LeBlanc objects to this conclusion, pointing to his various allegations that the individuals who allegedly participated in his mistreatment were female and conclusory allegations that the mistreatment was because of LeBlanc's gender.

The court has reviewed the First Report *de novo* with respect to LeBlanc's specific objections and finds those objections to be unfounded.[5] The court agrees with the First Report that the difference in gender between LeBlanc and his alleged harassers is not enough to suggest gender-based animus. The remaining allegations of gender bias are insufficient to state a claim because they are mere conclusions without stated factual allegations. The court, therefore, adopts both the recommendation and the rationale of the First Report and dismisses LeBlanc's hostile environment claim with prejudice.[6]

**Motion for Summary Judgment - Second Report.** The Second Report recommends dismissal of LeBlanc's complaint for lack of standing. Dkt. No. 48 at 5-9. In the alternative, the Report recommends that the court grant DNR's motion because LeBlanc is judicially estopped from pursuing the claims. *Id.* at 9-16. While the legal analysis differs, both recommendations derive from LeBlanc's failure to disclose his right to the claims in his bankruptcy proceeding.

In his objection, LeBlanc first argues that he should not be judicially estopped because his failure to disclose the present claims in bankruptcy was inadvertent and because he has moved to reopen the bankruptcy proceeding. Dkt. No. 51 at 1-2.[7] LeBlanc does not provide any legal authority in support of allowing relief from judicial estoppel under such circumstances. By contrast, the Report relies on multiple cases applying judicial estoppel under circumstances similar to those presented in this action. Report at 13-14; *see also* DNR Reply, Dkt. No. 57 at 2-5 (agreeing with the Second

---

[5] The court has reviewed the First Report in full for clear error and finds none.

[6] LeBlanc has had two opportunities to properly plead this claim. The dismissal of the hostile environment claim is, therefore, with prejudice. This claim may not be repleaded even if the Estate is allowed to intervene to pursue other claims.

[7] As noted above, the Bankruptcy Court granted the motion to reopen on March 14, 2013. *See* Dkt. No. 63.

Report as to judicial estoppel and addressing evidence that the nondisclosure was intentional and not otherwise excused).

LeBlanc also argues that he has standing. Dkt. No. 51 at 2-3. His argument addresses general requirements for standing but fails to address the specific concerns raised in the Report: LeBlanc's failure to list his employment-related claims as assets in his bankruptcy proceeding (and failure to seek to reopen until after DNR filed its motion for summary judgment). Report at 5-9; *see also* DNR Reply, Dkt. No. 57 at 2-3.

The court has reviewed the Second Report *de novo* as to LeBlanc's specific objections and finds the objections to be unfounded. The court agrees with both the rationale and recommendation of the Second Report as to its primary recommendation that LeBlanc's claims be dismissed for lack of standing and its alternative recommendation that summary judgment be granted based on judicial estoppel. **These rulings are, however, limited to the claims as pursued in LeBlanc's personal capacity.[8]**

**Motion to Intervene.** The court reserves ruling on whether LeBlanc's Estate may intervene to seek recovery on behalf of LeBlanc's creditors. The effect of this limitation is to allow the Estate an opportunity to address whether it should be allowed to pursue the claims and, if so, the effect of the ruling that LeBlanc may not proceed in his personal capacity as to his claims for discriminatory termination and retaliation.[9]

Because various circumstances have changed since the motion to intervene was filed, including the reopening of the Estate and rulings herein, the court believes the appropriate course is

---

[8] The court has reviewed the Second Report in full for clear error and finds none.

[9] As noted above, LeBlanc's hostile environment claim is dismissed with prejudice and may not be revived by the Estate if it is allowed to intervene.

to require the Estate to file an amended motion to intervene if it seeks to proceed with this action. The amended motion will supercede the original motion to intervene and should address the following: (1) the Estate's authority to proceed with the action; (2) the impact, if any, of dismissal of claims asserted in LeBlanc's individual capacity; and (3) such other matters as may be relevant to whether intervention should be allowed. To ensure that the Bankruptcy Court and Estate have time to address any matters necessary to authorize the Estate to proceed here and to allow the Estate time to address the relevant issues, the court will stay the matter until April 19, 2013. On or before that date, the Estate will file its amended motion or, if warranted, a motion for extension of time to do so. Failure to file an amended motion will be deemed abandonment of this action by the Estate and the matter will be dismissed without further briefing.

This matter is remanded to the Magistrate Judge for further proceedings. As the Magistrate Judge sees fit, she may modify or supplement any deadlines or instructions relating to the motion to intervene.

**CONCLUSION**

For the reasons set forth above, the court adopts and incorporates the First Report and grants DNR's motion to dismiss LeBlanc's hostile work environment claim for failure to state a claim. Dismissal of this claim is with prejudice. The court also adopts and incorporates the Second Report and dismisses all of LeBlanc's claims for lack of standing to the extent pursued in his personal capacity and, alternatively, grants summary judgment based on application of the doctrine of judicial estoppel.

The rulings as to standing and judicial estoppel are limited to the claims as pursued in LeBlanc's individual capacity. They do not preclude consideration of the Estate's motion to intervene to seek recovery on behalf of LeBlanc's creditors. Neither do they preclude DNR from making any argument otherwise available to it in opposition to the motion to intervene.

7

The matter is stayed until April 19, 2013. The matter is again referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 18, 2013