IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore LeBlanc, | ) | C/A No.: 3:11-2955-CMC-SVH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Natural Resources d/b/a DNR, | ) ) | |
| | ) | |
|     Defendant. | ) ) | |

    In this employment discrimination case, plaintiff Theodore LeBlanc ("Plaintiff") sues his former employer South Carolina Department of Natural Resources ("Defendant"). Plaintiff alleges sex discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").[1]

    This matter comes before the court on Plaintiff's motion to intervene filed on January 25, 2013 [Entry #49], and Plaintiff's amended motion to intervene filed on June 26, 2013 [Entry #75]. The motions having been fully briefed, they are ripe for disposition.

    All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the procedural history of this case renders these motions dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that

---

[1] The district judge dismissed Plaintiff's hostile work environment claim on March 18, 2013. [Entry #64].

follow, the undersigned recommends the district court grant Plaintiff's amended motion to intervene [Entry #75] and deny the original motion to intervene [Entry #49] as moot.

I.   Discussion

Plaintiff's claims stem from his employment with Defendant as a business manager beginning on May 18, 2008. [Entry #27, ¶ 11]. After exhausting his administrative remedies with the South Carolina Human Affairs Commission [Entry #40-3], he timely-filed this action on October 31, 2011.[2]  [Entry #1].

On December 13, 2012, Defendant moved for summary judgment after learning in discovery in November 2012 [Entry #40-6 at 3] that Plaintiff had, through counsel, filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). Defendant argued that Plaintiff never disclosed his claims against Defendant in his bankruptcy petition, despite having filed a formal charge of discrimination prior to filing the bankruptcy petition. Thereafter, the undersigned issued a Report and Recommendation ("Report") recommending that Defendant's motion be granted on the grounds that Plaintiff lacked standing to pursue the claims and, alternatively, that Plaintiff was judicially estopped from asserting the claims because he failed to disclose them in his bankruptcy proceeding. [Entry #48].

On the same day the undersigned issued her Report, Plaintiff's attorney filed a motion to intervene on behalf Plaintiff's bankruptcy estate ("Estate"). [Entry #49]. Defendant opposed the motion to intervene, noting that the Estate had been closed and not yet reopened. [Entry #50].

---

[2] Plaintiff also originally named the state of South Carolina as a defendant, but dismissed his claims against the state without prejudice on April 26, 2012. [Entry #12].

In March 2013, the parties jointly filed a status report advising the court that the bankruptcy case had been reopened and the trustee had been reappointed on March 14, 2013. [Entry #63]. The parties requested that the court delay ruling on the motion to intervene until the trustee appointed counsel to represent the Estate and the motion was renewed or restated. *Id.*

On March 18, 2013, the district judge issued an order ("Order") ruling on the pending Report.[3] [Entry #64]. The court agreed with the rationale and recommendation of the Report and dismissed Plaintiff's claims as pursued in Plaintiff's individual capacity. *Id.* at 6. The court reserved ruling on whether the Estate may intervene and required the Estate to file an amended motion to intervene if it sought to proceed with the action. *Id.* at 6–7. The court stayed the case and directed the Estate to file an amended motion or, if warranted, a motion for extension to do so by April 19, 2013. *Id.* at 7. The court also remanded the matter to the undersigned for further proceedings. *Id.*

On April 19, 2013, Plaintiff's counsel, on behalf of the Estate, sought an extension of time to file the amended motion to intervene on the grounds that Plaintiff's counsel had not yet been appointed to represent the Estate in the present litigation. [Entry #67]. The undersigned granted the motion for extension on June 3, 2013 [Entry #74], and gave the Estate a deadline of June 26, 2013, to file an amended motion.

On June 26, 2013, the Estate filed the amended motion to intervene arguing that it has a substantial interest in the outcome of this matter and should not be judicially

---

[3] The district judge also ruled on a second report and recommendation addressing Defendant's motion to dismiss Plaintiff's hostile work environment claim. [Entry #64 at 4–5].

estopped from pursuing the claims. [Entry #75 at 1–2]. The Estate noted that the Bankruptcy Court has approved Paul D.G. Ribeiro as special counsel for the Estate. *Id.* at 2.

Defendant filed a response to the amended motion to intervene on July 12, 2013, stating that it does not oppose the amended motion to intervene.

Because Defendant does not oppose the amended motion to intervene, the undersigned recommends that it be granted and that the Trustee of the Bankruptcy Estate of Theodore LeBlanc be identified as a plaintiff on the court's docket.

II.     Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that the court grant the Estate's amended motion to intervene [Entry #75]. The undersigned further recommends denying the motion to intervene filed on January 25, 2013 [Entry #49] as moot.

IT IS SO RECOMMENDED.

July 18, 2013                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).